DECISION AND JUDGMENT ENTRY
This is an appeal from a January 27, 2000 decision of the Toledo Municipal Court in which it ruled that appellant, Hasan Al Halees, owed appellee, Thomas Sobecki, Esq., $2,796.24 for legal services rendered, plus costs. Appellant, acting pro se, has filed one assignment of error for consideration, that is:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW, WHERE AS IT'S [SIC] DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant contends, and appellee agrees, that appellee had initially filed this claim under a different case number, which he voluntarily dismissed on June 7, 1999. Appellee then reasserted his claim when he filed the complaint that started this case in the Toledo Municipal Court on June 29, 1999. Appellee sought $3,305.24 for legal services he provided to appellant, expenses he incurred during that representation, and interest on the amount he alleged appellant owed him.
Appellant filed an answer to appellee's complaint, and the case proceeded to trial. After hearing testimony presented by both parties, the trial judge ruled in favor of appellee and ordered appellant to pay appellee $2,796.24, plus costs. Appellant then filed this pro se appeal.
Appellant argues that the decision of the trial court in this case was against the manifest weight of the evidence. In his brief, he points to several different portions of the testimony of appellee and of appellant and appellant's wife, which he contends supports his assertions that he owed no more money to appellee for legal services appellee performed on his behalf.
We begin by noting that this court will not reverse a judgment on appeal as being against the manifest weight of the evidence when the judgment is supported by competent, credible evidence. C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279 . In addition, it is the trial court's function to observe the witnesses and to make determinations of credibility and this court will not disturb those findings on appeal. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80. Keeping these standards of review in mind, we have carefully reviewed the record and have considered the arguments of the parties on appeal. For the following reasons, we conclude that we cannot reverse the decision of the trial court as being against the manifest weight of the evidence.
A complete review of the trial transcript showed that appellant and appellee have had a long-standing professional relationship, and that appellee has performed legal services for appellant on previous cases. The legal services at issue in this case were performed by appellee in relation to an appeal of a national origin discrimination case to the Sixth Circuit Court of Appeals. The parties entered into a written agreement relating to the legal services for the case, in which appellant agreed to pay appellee $115 per hour and to reimburse appellee for costs associated with the case.
Appellee testified that he performed forty-seven hours of work on the case (47 x $115 = $5,405) and that he incurred $296.24 in expenses, for a total bill of $5,701.24. He testified that appellant had paid a portion of the bill, but that a balance owing remained of $3,501.24. In support of his testimony, appellee offered exhibits showing: 1) the written agreement for legal services; 2) his handwritten records of the hours worked on the case; 3) his handwritten records of the payments he received from appellant for his work on the case.
Appellant, acting pro se, cross-examined appellee. Appellee acknowledged receiving some payments from appellant after he began working on this case, but denied that all of the payments related to his work for appellant on this case. Appellee testified that some of the payments were for outstanding balances owed for legal services he performed for appellant on other cases. Appellee denied any memory of a phone call from appellant's wife where she told him to stop working on this case, or of ever placing a call to appellant where he agreed to limit the number of hours he worked on the case to thirty hours.
Appellant and his wife both testified at the hearing. Their testimony was that they believed that appellee was double billing them for work he did on the case, and that they decided to have him stop working on the case. Appellant's wife testified that she called appellee to tell him to stop working on the case, but she could not remember the date when she might have placed that call. Appellant testified that he subsequently received a telephone call from appellee, where appellee agreed to limit his hours worked on the case to thirty hours. Appellant could not give any date for when he received that call. Appellant did offer into evidence canceled checks that he alleged he wrote to appellee for legal services in this case.
The trial court found appellee's testimony that he never received a phone call directing him to stop work on the case and that he never placed a phone call wherein he agreed to limit his hours of work on this case to thirty hours more credible than the testimony of appellant and his wife to the contrary. The trial court further found that the number of hours listed by appellee for legal services in this case was reasonable, considering the nature of the legal issues involved in the case, and that the hourly fee of $115 was not excessive. We cannot reverse those determinations on appeal. Seasons Coal Co. v. Cleveland,10 Ohio St.3d at 80.
Finally, the trial court considered each of the canceled checks presented by appellant as exhibits. The trial court ruled:
"Defendant presents canceled checks as follows:
 Check number 1490 dated 8/17/98 payable to Thomas Sydlowski and endorsed on the back by "Oral and Maxillofacial Surgeons, Inc. Drs. Feig, Sydlowski and McCabe" which check the Court finds is not to be credited to Defendant's account.
Checks #s
 1307, 1330, 1335, 1343, 1347, 1350, 1368, 1356, 1364, 1374, 13901401 [sic], 1405, 1419, 1431, 1438, 1446, 1453, 1461, 1468, which total $3205.
 "The Court finds that check #1307 is dated 10/18/96 after the date of the employment agreement and is credited to Defendant. The Court also finds that Check #1368 is dated 1/29/96, and is credited to defendant on this account.
 "As Plaintiff states that he received two payments of $150 each, totaling $300 during this period for another case, the Court finds that the Defendant paid to Plaintiff for services provided on this claim ($3205 — $300 = $2905) $2905.00.
 "Therefore, the Court finds that the Defendant owes to the Plaintiff $5701.24 — $2905 = $2796.24."
Our own review of the testimony of the parties and of the exhibits shows that there was competent, credible evidence to support the ruling of the trial court. Accordingly, the trial court's judgment was not against the manifest weight of the evidence, and appellant's sole assignment of error is not well-taken.
The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., George M. Glasser, J.
CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.